MATTHEW J. HAFEY (SBN 167122)
    Email: *mhafey@nemecek-cole.com*
D. VICTORIA LABRIE (SBN 162999)
    Email: *vlabrie@nemecek-cole.com*
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, CA 91436-2300
Tel: (818) 788-9500 / Fax: (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAWLINGS SPORTING GOODS COMPANY, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff JAMES RIVER INSURANCE COMPANY (hereinafter "JAMES RIVER"), by and through its attorney, for its Complaint against the above-named Defendant, upon knowledge, information and belief, alleges as follows:

## INTRODUCTION

1. This is an action by JAMES RIVER pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 for a declaratory judgment regarding coverage under a Commercial General Liability Insurance POLICY with respect to a class action lawsuit by consumers who allegedly purchased RAWLINGS baseball bats that were allegedly improperly marked as to their "weight" (the "*Sotelo*

1

**COMPLAINT FOR DECLARATORY RELIEF**

Action")[1]. In this action, JAMES RIVER seeks a determination that no coverage is or was ever available under the POLICY because there was no "Occurrence" giving rise to "Bodily injury" or "Property damage", there was no allegation of potentially covered "damages," and no allegations alleging an offense under the "Personal & Advertising Injury" coverage.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, as if more specifically alleged below, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, in that the POLICY limit of the POLICY is $1,000,000 and the underlying action involves claims exceeding $1,000,000 and defense fees and costs in excess of $75,000. Defendant has alleged that it has actually incurred in excess of $200,000 in attorney's fees and costs for which it seeks reimbursement from JAMES RIVER. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

3. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of events giving rise to this action occurred in this district, the underlying *Sotelo* Action is pending in the U.S. District Court for the Central District of California, and the case is actually being defended in Los Angeles by attorneys retained by RAWLINGS based in Los Angeles as well as co-counsel based in St. Louis, Missouri. Accordingly, JAMES RIVER has been asked by RAWLINGS to perform the POLICY and mount a defense to the *Sotelo* Action in the State of California.

## PARTIES

4. At all relevant times herein, JAMES RIVER was a corporation organized under the laws of the State of Ohio whose principal place of business is located in Richmond, Virginia. JAMES RIVER is an insurance company authorized

---

[1] *Richard Sotelo, on behalf of himself and all others similarly situated v. Rawlings Sporting Goods Company, Inc.*, Case No. 2:18-cv-09166-GW-MAA.

1 to transact business in California on a non-admitted basis as an Excess and Surplus
2 Lines carrier.
3    5.   JAMES RIVER is informed and believes and thereon alleges that
4 Defendant RAWLINGS Sporting Goods Company, Inc. ("RAWLINGS") is a
5 Delaware corporation whose principal place of business is located in St. Louis,
6 Missouri.

## THE POLICY

8    6.   JAMES RIVER issued to RAWLINGS a Commercial General Liability
9 Insurance Policy Number 00084262-0, effective June 29, 2018 to June 29, 2019,
10 with limits of insurance of $1,000,000 per occurrence and $2,000,000 in the
11 aggregate (the "POLICY").  The POLICY was issued with the intent to cover a
12 number of risks and locations, including the risk of RAWLINGS being sued within
13 the State of California.  The POLICY listed as an insured location 17859 Santiago
14 Blvd., Villa Park, California and 2533 S. Coast Highway 101, Suite 223, Cardiff By
15 The Sea, California.  A true and correct copy of the POLICY (with financial
16 information redacted) is attached as Exhibit "A" and incorporated herein by this
17 reference.  In this action, JAMES RIVER seeks a determination that its coverage
18 position is correct and that no coverage is available under the POLICY for the
19 lawsuit identified below.

## GENERAL ALLEGATIONS

21 **A.**   **The *Sotelo* Action**
22    7.   On October 25, 2018, Richard Sotelo, on behalf of himself and all
23 others similarly situated filed the *Sotelo* Action in this Court, alleging causes of
24 action for: (1) Violation of the California Unfair Competition Law (Cal. Bus. &
25 Prof. Code § 17200, *et seq.*); (2) Violation of the California False Advertising Law
26 (Cal. Bus. & Prof. Code § 17500, *et seq.*); (3) Violation of the Consumers Legal
27 Remedies Act (Cal. Civ. Code § 1750, *et seq.*); (4) Breach of express warranty; (5)
28 Breach of implied warranty; and (6) Unjust enrichment.  A First Amended

Complaint was filed January 31, 2019.  A true and correct copy of the operative First Amended Complaint ("FAC") is attached as Exhibit "B" and incorporated herein by this reference.

8. On or about December 20, 2018, RAWLINGS tendered its defense and indemnity of the *Sotelo* Action to JAMES RIVER.

9. The FAC alleged that on November 27, 2017, Plaintiff purchased a 2018 Rawlings Youth 5150 USA baseball bat ("5150 bat"), which was labeled and advertised as being 27 inches long and weighing 16 ounces (which means it is a -11 weight drop), for a price of $72.76 plus tax, for a total of $78.04 on the website www.baseballsavings.com for his then 8 year old son, who plays youth baseball near their home in California.  Sotelo alleges that the 5150 bat that he purchased actually weighs approximately 18.6 ounces, a 2.6 ounce weight difference which was material to Plaintiff in choosing to purchase the bat.  Sotelo alleges that the weight of the bat is material for all purchasers of bats (FAC, ¶ 3, 22, 24, 25-28).

10. According to the FAC, the RAWLINGS website states, under the heading "Sizing": "Choosing the right-sized bat is important to a player's performance and development. Players with less experience should start with lighter bats for better swing control. More experienced players should use a heavier bat to help maximize power. A bat that is too heavy will dramatically reduce swing speed; if a bat is too light, the player could miss out on the extra force that a heavier bat can generate."  (FAC, ¶ 13).

11. The FAC also alleges that the RAWLINGS website further recognizes how critical the weight drop is in choosing a bat.   Because the weight drop is a function of the length less the weight, if the weight is inaccurate for the bat so, too, will be the weight drop. Sotelo alleges that because RAWLINGS misrepresents the weights of its bats, the weight drops are also misrepresented.  (FAC, ¶ 16).

12. The FAC also alleged that consumers, like Sotelo, rely on the weights marked on the bats as being accurate because the weight of the bat affects

4

**COMPLAINT FOR DECLARATORY RELIEF**

everything the player does, including bat speed, bat control, type and angle of swing, exit velocity, batting stance, and approach to pitching.  Sotelo alleges that the weight of the bat is especially important because of the risk of injury of using a bat that is too heavy for the player. The player may get tired faster or strain muscles and ligaments. The bat could also be a danger to other players and bystanders. (FAC, ¶¶ 18-19).  Importantly, however, there are no allegations that anyone, anywhere, has actually suffered any kind of physical "Bodily injury" as a result of using a RAWLINGS baseball bat or due to the alleged misrepresentations made by RAWLINGS.

13. By letter dated January 2, 2019, JAMES RIVER acknowledged receipt of the lawsuit and denied coverage for the *Sotelo* Action.

14. After the FAC was filed on January 31, 2019, RAWLINGS' counsel requested that JAMES RIVER reconsider its prior declination of coverage based on his contention that the FAC could be amended to allege a claim for "Bodily injury." Despite having been requested to provide the same, at the time of tender and continuing through the filing of this Complaint, RAWLINGS has presented no allegations or extrinsic evidence suggesting that Sotelo, his son, anyone known to Sotelo, or any putative class member or class representative has ever actually suffered such "Bodily injury" or expressed an intent to alleged such "Bodily injury" as part of the relief requested in the *Sotelo* Action.

15. JAMES RIVER contends that there is no potential for coverage for the *Sotelo* Action because it is clear from the FAC that the goal of the *Sotelo* Action is to achieve class certification, not individual recovery for Mr. Sotelo or his son.  The FAC is replete with class action allegations that transcend Sotelo's son's individual experience with RAWLINGS' products.  Most of the FAC is devoted to laying the foundation for class certification based on alleged misrepresentations about bat size and weight by RAWLINGS, not to allegations respecting Mr. Sotelo or his son. Fraud and negligent misrepresentation are not covered by a Commercial General

5

**COMPLAINT FOR DECLARATORY RELIEF**

Liability policy as a matter of law, because they do not describe an "accident." Indeed, of the 123 paragraphs of allegations in the FAC, only two – paragraphs 2[2] and 22[3] – make any reference to physical injury at all, and neither suggests an actual injury has or will occur or that the class representative or any putative member of the class has or ever will seek "damages" as a result. Rather, these allegations are clearly inserted into the FAC to bolster Sotelo's assertion that RAWLINGS' alleged misrepresentations caused non-covered *economic* harm, as they provide the factual predicate for the proposition that had Sotelo, his son, or any putative class member known of the misrepresentations they would not have purchased the bat.

16.     Based on the lack of factual allegations of actual physical injury in the *Sotelo* Action, the lack of any extrinsic evidence known to JAMES RIVER at the time of tender supporting the existence of such allegations, and the fact that amending the Complaint in the *Sotelo* Action to include allegations of actual "Bodily injury" would impair Sotelo's counsel's ability to obtain class certification, because such personal injury claims would lack the requisite "commonality" and "typicality" required by Fed.R.Civ.P. 23 and no class representative has been identified who could establish the prima facie elements of a claim for such "Bodily injury" against RAWLINGS, JAMES RIVER correctly determined that there was no potential for coverage for the *Sotelo* Action and for that reason again declined to defend RAWLINGS against the allegations in the FAC.

17.     Among other things, there is no coverage for the *Sotelo* Action under Coverage A, Bodily Injury and Property Damage Liability, because:

---

[2] Paragraph 2 alleges "If, unbeknownst to the purchaser, a bat is not the weight at which it is represented, it can negatively affect performance. It can even cause injury to the user and other players."

[3] Paragraph 22 alleges "The weight of the bat is especially important because of the risk of injury of using a bat that is too heavy for the player. The player may get tired faster or strain muscles and ligaments. The bat could also be a danger to other players and bystanders."

   a. The FAC in the *Sotelo* Action does not describe facts constituting "accidental" conduct, and therefore does not describe an "Occurrence" which is a threshold requirement even before "Bodily injury" or "Property damage" are considered;

   b. The FAC in the *Sotelo* Action does not seeks damages for "Bodily injury" or "Property damage" as those terms are defined in the POLICY;

   c. The FAC in the *Sotelo* Action does not seek "damages" for any potentially covered conduct, and instead only seeks restitution or injunctive relief which California courts regularly hold is not covered under a Commercial General Liability Policy;

   d. Various terms, exclusions and endorsements eliminate coverage, including but not limited to the Claims in Progress Exclusion and the Business Conduct Exclusion Endorsement, which precludes coverage for any actual or alleged unfair competition, or other claims arising out of unfair competition.

18. Among other things, there is no coverage for the *Sotelo* Action under Coverage B, Personal and Advertising Injury Liability, because:

   a. The *Sotelo* Action does not allege facts constituting an "offense" within the meaning of "Personal and Advertising Injury" as that term is defined in the POLICY;

   b. The FAC in the *Sotelo* Action does not seek "damages" for any potentially covered conduct, and instead only seeks restitution or injunctive relief which California courts regularly hold is not covered under a Commercial General Liability Policy;

   c. Various terms, exclusions and endorsements eliminate coverage, including Exclusion 2.a (knowing violation of rights of another); 2.b (material published with knowledge of falsity); 2.d (material published prior to POLICY period); 2.e, 2.f (contractual liability and breach of

**COMPLAINT FOR DECLARATORY RELIEF**

contract); 2.g (quality of performance of goods - failure to confirm to statements) and the Business Conduct Exclusion Endorsement, which precludes coverage for any actual or alleged unfair competition, or other claims arising out of unfair competition.

19. Other terms, conditions, exclusions and endorsements of the POLICY may apply to limit or eliminate coverage. JAMES RIVER reserves the right to seek leave to amend as new facts and legal theories are discovered.

## FIRST CLAIM FOR RELIEF

**JAMES RIVER Is Entitled to a Judicial Declaration That the POLICY Does Not Provide Coverage For the *Sotelo* Action**

20. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint.

21. A true and present controversy exists between JAMES RIVER, on the one hand, and RAWLINGS on the other, in that JAMES RIVER contends that it has no duty, and never had a duty, to defend the *Sotelo* Action due to the application of the terms, conditions, exclusions and endorsements of the POLICY as set forth above and upon such additional terms, conditions, exclusions and endorsements as may be proven at trial. JAMES RIVER is informed and believes that RAWLINGS contends otherwise.

22. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

## SECOND CLAIM FOR RELIEF

**JAMES RIVER Is Entitled to a Judicial Declaration That JAMES RIVER has no Duty to Indemnify with Regard to the *Sotelo* Action**

23. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint.

24. A true and present controversy exists between JAMES RIVER, on the one hand, and RAWLINGS on the other, in that JAMES RIVER contends that based solely on the allegation that it never had a duty to defend (and not based on any ultimate determination of fact or the outcome of the trial in the *Sotelo* Action), it has no duty to indemnify RAWLINGS or to pay any Judgment in the *Sotelo* Action due to the application of the terms, conditions, exclusions and endorsements of the POLICY as set forth above and upon such additional terms, conditions, exclusions and endorsements as may be proven at trial. JAMES RIVER is informed and believes that RAWLINGS contends otherwise.

25. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

WHEREFORE, Plaintiff JAMES RIVER requests that the Court enter judgment in its favor:

**On The First Claim For Relief Of The Complaint**

A. A judicial declaration that there is no potential for coverage for the *Sotelo* Action under the POLICY, and therefore that JAMES RIVER does not and never did have a duty to defend with regard to the *Sotelo* Action;

B. For interest and other recoverable costs;

**On The Second Claim For Relief Of The Complaint**

C. A judicial declaration that there is no potential for coverage for the *Sotelo* Action under the POLICY, and therefore that JAMES RIVER does not and never did have a duty to indemnify or pay a judgment with regard to the *Sotelo* Action;

D. For interest and other recoverable costs;

/ / /

/ / /

/ / /

9

**COMPLAINT FOR DECLARATORY RELIEF**

**On All Claims For Relief Of The Complaint**

  E. For costs of suit; and

  F. Such other and further relief at the Court deems just and proper.

DATED: July 31, 2019         NEMECEK & COLE

                By: *[signature]*
                MATTHEW J. HAFEY
                D. VICTORIA LaBRIE
                Attorneys for Plaintiff
                JAMES RIVER INSURANCE
                COMPANY

**COMPLAINT FOR DECLARATORY RELIEF**